UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MARVIN C. VAN KAMPEN,

    Plaintiff,

v.

    Hon. Janet T. Neff

COMMISSIONER OF SOCIAL SECURITY,

    Case No. 1:18-cv-477

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that the Administrative Law Judge erred in failing to consider Plaintiff's hearing loss and tinnitus and failed to consider the opinion of his treating ear, nose, and throat specialist.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded** for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on August 26, 2014, alleging that he had been disabled since May 30, 2014. (PageID.200.) Plaintiff was 49 years old at the alleged onset date. (PageID.120.) Plaintiff graduated from high school and had completed one year of college. (PageID.78.) He had previous employment as a die setter. (PageID.81.) Plaintiff's application was denied (PageID.136–38), after which he requested a hearing before an Administrative Law Judge (ALJ). (PageID.140.)

On February 9, 2017, ALJ Michael S. Condon held a hearing and received testimony from Plaintiff and Susan J. Rowe, an impartial vocational expert (VE). (PageID.73–119.) On March 27, 2017, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled from the onset date, May 30, 2014, through the date of the decision. (PageID.33–45.) The Appeals Council denied Plaintiff's request for review on March 6, 2018. (PageID.22–25.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on April 27, 2018.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 30, 2014, the ALJ found that Plaintiff suffered from the following severe impairments: (1) status-post Achilles tendon rupture with surgery; (2) mild degenerative joint

---

Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

disease/degenerative disc disease of the cervical spine with mild C6 and C7 radiculopathy; (3) mild bilateral knee osteoarthritis; (4) degenerative disc disease of the lumbar spine with disc protrusion at L4-5 and mild S1 radiculopathy; (5) unspecified bipolar disorder; and (6) attention deficit hyperactivity disorder unspecified. (PageID.35.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.43–44.)

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> (1) lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently; (2) sit for up to 6 hours and stand and/or walk for up to 6 hours total in an 8-hour workday; (3) occasionally climb ramps and stairs, balance, stoop and crouch, but never kneel or crawl or climb ladders, ropes or scaffolds; (4) cannot operate leg or foot controls bilaterally and requested the option to use a hinged brace on his right foot/ankle; (5) no rotation of the head/neck greater than 45 degrees to the left from a forward looking position; (6) no reaching above shoulder level with the right upper extremity; (7) limited to simple, routine work that involves making simple work related decisions and tolerating occasional workplace changes; and (8) no interaction or communication with the general public occasional interaction with coworkers and supervisors.

(PageID.37.)

The ALJ found that Plaintiff could not perform his past work. (PageID.43.) However, based on testimony from the VE, the ALJ found that approximately 40,000 machine tender, 28,000 laundry sorter, and 45,000 inspector jobs existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.44–45.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

**Discussion**

I.  **Failure to Consider Plaintiff's Sensorial Hearing Loss and Tinnitus at Step Two and in Assessing Plaintiff's RFC**

Plaintiff argues that remand is required because the ALJ failed to consider at step 2 of his analysis whether Plaintiff's hearing loss and tinnitus are severe impairments and failed to consider whether those impairments affected Plaintiff's ability to work in the remainder of his analysis.

A "severe impairment" is defined as an impairment or combination of impairments that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); *see also* 20 C.F.R. § 416.922(a). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.* at 244; *see also Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2007) ("Because the ALJ found that Pompa had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence."). Because an ALJ must consider the limiting effects of all of a claimant's impairments, SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996); *see also* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."), the proper inquiry is whether the ALJ considered all of the Plaintiff's impairments. *See Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013). An ALJ's failure to find an additional severe impairment at step two is reversible only if the ALJ fails to "consider[] all of a claimant's impairments in the remaining steps of the disability determination." *Fisk v.*

*Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007); *see also Sheehy v. Comm'r of Soc. Sec.*, No. 1:15-cv-001, 2015 WL 6394780, at *4 (W.D. Mich. Oct. 21, 2015) (concluding that the ALJ's failure to consider the plaintiff's emotional impairments at step two was not harmless where the ALJ failed to consider the plaintiff's emotional impairments in assessing her RFC).

While conceding that "the ALJ did not address, either expressly or implicitly, the extent to which plaintiff's medically-recognized bilateral hearing loss . . . affected his residual functional capacity" (ECF No. 12 at PageID.663), the Commissioner argues that any such error was harmless because two of the occupations the VE identified, laundry sorter and inspector, do not require hearing (or talking) as requirements of the position. (*Id.* at PageID.664–65.) But this argument assumes a finding that the ALJ never made: that "no hearing" is the appropriate limitation for Plaintiff's hearing loss. As Plaintiff notes, ear, nose, and throat specialist Wayne Robbins, DO, opined that Plaintiff should limit his exposure to noise through the use of protection such as plugs and muffs. (PageID.310.) Based on this evidence the ALJ may or may not have found that "no hearing" was the appropriate, or sole, limitation resulting from Plaintiff's hearing loss. In any event, the Court declines to speculate about what limitation, if any, the ALJ would have found or the effect of that limitation on available jobs. *See Laporte v. Saul*, No. 17-cv-602, 2019 WL 4727770, at *2 (W.D. Wis. Sept. 27, 2019) ("[T]he court will not speculate about whether the ALJ addressing or incorporating the plaintiff's mental limitations as part of formulating his RFC would have changed the ALJ's ultimate assessment, but the vocational expert was never given the opportunity to opine on whether the *combination* of plaintiff's diagnosed mental impairments and his physical condition would alter the work available to him."); *M.L.I. v. Saul*, 19-4024, 2019 WL 6217908, at *5 (D. Kan. Nov. 21, 2019) (declining to "speculate as to how . . . evidence would have been treated had the ALJ actually considered it").

Accordingly, the matter should be remanded to the ALJ for consideration of the limiting effects of Plaintiff's hearing loss and tinnitus.

## II.   Failure to Consider Dr. Robbins's Opinion Pursuant to the Treating Physician Rule

Plaintiff further argues that the ALJ erred by failing to consider Dr. Robbins's opinions pursuant to the treating physician rule. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). The Commissioner suggests that Plaintiff's two visits with Dr. Robbins were not enough to justify considering Dr. Robbins a "treating source" as defined in 20 C.F.R. § 404.1527(a)(2) and that the ALJ was not obligated to consider Dr. Robbins's opinion as it predated Plaintiff's alleged onset date. Given that the ALJ wholly failed to address Dr. Robbins's opinion, the Court concludes that it is unnecessary to resolve these issues at this juncture. Instead, the ALJ should be afforded the opportunity on remand to consider and weigh Dr. Robbins's opinion in the first instance, regardless of whether the ALJ considers Dr. Robbins a treating physician. *See* SSR 96-8p, 1996 WL 374184, at *7 (stating that when arriving at an RFC assessment, the ALJ "must always consider and address medical source opinions [and] [i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted").

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **reversed and remanded** for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: May 8, 2020                                /s/ Sally J. Berens
                                                         SALLY J. BERENS
                                                         U.S. Magistrate Judge