UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN VAN KAMPEN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:18-cv-477

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court reverse the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and remand this matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). The matter is presently before the Court on the Commissioner's objection to the Report and Recommendation, to which Plaintiff filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order.

It is undisputed that the ALJ in this case did not address, either expressly or implicitly, the extent to which Plaintiff's medically-recognized bilateral hearing loss and tinnitus affected his residual functional capacity (RFC). The Magistrate Judge rejected Defendant's argument that the ALJ's error was harmless, determining that the matter should be remanded to the ALJ for

consideration of the limiting effects of these impairments (R&R, ECF No. 15 at PageID.677-678). The Magistrate Judge determined that because the ALJ also wholly failed to address the opinion of Wayne Robbins, D.O., an ear, nose and throat specialist, "the ALJ should be afforded the opportunity on remand to consider and weigh Dr. Robbins's opinion in the first instance" (*id.* at PageID.678).

In its objection, the Commissioner argues that in declining to speculate about what limitation, if any, the ALJ would have found relating to Plaintiff's bilateral hearing loss and tinnitus, the Magistrate Judge "sidestepped" the requirement to determine whether Plaintiff satisfied his burden of showing that the ALJ's errors were prejudicial (Def. Obj., ECF No. 16 at PageID.681, 685). According to the Commissioner, Plaintiff is not prejudiced by the ALJ's errors because Plaintiff has not identified a limitation that would preclude all of the occupations on which the ALJ relied (*id.* at PageID.681-684). Specifically, the Commissioner emphasizes that two of the occupations the ALJ found Plaintiff could perform—inspector and laundry sorter—do not require any ability to hear (*id.* at PageID.681).

The Commissioner's objection is properly denied.

As set forth by the Magistrate Judge (R&R, ECF No. 15 at PageID.671), this Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence and was made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g); *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 784 (6th Cir. 2009). "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). *See also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013) (relying on *Ealy*).

The Sixth Circuit has held that where a hypothetical question fails to accurately describe a claimant's physical and mental impairments, the resulting defect "is fatal to the [Vocational Expert's] VE's testimony and the ALJ's reliance upon it." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). More specifically, "a denial of benefits based upon an ALJ's improper calculation of a claimant's residual functional capacity, a description of what the claimant 'can and cannot do,' must be reversed." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 631 (6th Cir. 2004). *See, e.g., Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009) ("Failing to incorporate Simpson's demonstrated mental impairments into her RFC requires us to conclude that the ALJ's finding that Simpson is not disabled is not supported by substantial evidence.").

Like the Commissioner's argument in this case, the Commissioner in *Simpson* similarly argued that even if the claimant's limitations resulting from her mental impairments should have been included in the ALJ's RFC calculation, a "remand would be frivolous because the record shows Simpson could perform work as a housekeeper, along with significant other jobs where one has simple, repetitive work limitations." 344 F. App'x at 192. The Sixth Circuit rejected the argument, explaining that "[r]emanding this case is not a mere formality, as it 'would propel [our Court] into the domain which Congress has set aside exclusively for the administrative agency,' if we were to determine the jobs available to [the claimant] based upon her limitations." *Id.* (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

Hence, where the ALJ's RFC determination in this case was undeniably incomplete, there is no error in the Magistrate Judge's determination that reversal and remand is required. Indeed, as Plaintiff points out in response, remand is particularly appropriate in this case where "[t]here are so many possible medical variables of hearing loss that consultation of vocational reference

3

materials or the assistance of a VS [Vocational Specialist] is often necessary to decide the effect on the broad world of work" (ECF No. 17 at PageID.689, quoting "Titles II & XVI: Capability to Do Other Work—The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, SSR 85-15 (S.S.A. 1985)).

Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 16) is DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is REVERSED and this matter REMANDED for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.


Dated:  June 3, 2020                               /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge