UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRISHA MARIE HENTZELMAN,
as Guardian and Conservator on
behalf of Marvin VanKampen,

        Plaintiff,

                                      Hon. Janet T. Neff

v.

COMMISSIONER OF                    Case No. 1:18-cv-477
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 24.) Plaintiff's counsel seeks $16,836.80 in fees, as detailed in his motion. Plaintiff's counsel recognizes that, if the motion is granted, he will be required to refund the previous award of fees under the Equal Access to Justice Act (EAJA) in the amount of $5,197.50 to Plaintiff. (*Id.* at PageID.718.) The motion is unopposed. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED**.

On June 3, 2020, the Court remanded this matter to the Commissioner for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 18 and 19.) On September 23, 2020, the Court awarded Plaintiff $5,197.50 in EAJA fees. (ECF No. 23.) Plaintiff was subsequently awarded disability benefits, including past-due benefits of $67,347.20, 25 percent of which, $16,836.80, was withheld to pay counsel. (ECF No. 24-1 at PageID.731.) Counsel submits the present motion seeking an award pursuant to the contingent fee arrangement into which he and

Plaintiff entered. (ECF No. 24-3.) According to this agreement, Plaintiff agreed to pay counsel a fee not greater than 25 percent of any past-due benefits he ultimately received. (*Id.* at PageID.737)

The Social Security Act provides that, "whenever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). There exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Nevertheless, counsel is not automatically entitled to 25 percent of his client's past-due benefits. Instead, the Court has an independent obligation to assess the reasonableness of a request for attorney fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases"). The burden to establish that a fee request is reasonable rests with counsel. *Id.*

Counsel is seeking $16,836.80 for work performed in this Court. While the requested award equates to a significant hourly rate ($563.10), counsel should not be punished for obtaining exemplary results in an efficient manner. *See, e.g., Kazanjian v. Astrue*, No. 09 civ. 3678(BMC), 2011 WL 2847439 at *2 (E.D.N.Y. July 15, 2011) (where counsel requested more than $48,000 in Section 406(b) fees for less than 20 hours work, the court observed that counsel "should not, however, be penalized for being efficient, which is exactly what I would be doing if I cut his requested fee"). The Court must also take into consideration the general risk associated with contingent fee cases. *See, e.g., Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836 at *5 (E.D. Mich. Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel

obtained a large award with minimal risk). Considering all the relevant circumstances, the Court finds counsel's request to be reasonable.

While counsel is entitled to receive a portion of Plaintiff's past-due benefits, an award pursuant to Section 406(b) must account for any amount previously paid to counsel pursuant to the EAJA. *See Gisbrecht*, 535 U.S. at 795-96 (observing that where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee"). The Court previously awarded Plaintiff $5,197.50 in EAJA fees (ECF No. 23), which must now be refunded to Plaintiff.

Therefore, I recommend that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 24) be **GRANTED** and that counsel be ordered to refund to Plaintiff $5,197.50 for previously awarded EAJA fees.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: November 23, 2020                    /s/ Sally J. Berens
                                                                                     SALLY J. BERENS
                                                                                     U.S. Magistrate Judge